IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40443
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL BRYSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-500-14
--------------------

December 27, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Paul Bryson appeals his conviction of conspiracy to possess
with intent to distribute in excess of 1,000 kilograms of
marihuana. He challenges his prosecution as violative of the
five-year statute of limitations of 18 U.S.C. § 3282. His
assertion is refuted by the testimony.

Bryson also challenges the sufficiency of the evidence. We
consider the evidence and the inferences drawn by the jury from
the evidence "in the light most favorable to the verdict,
accepting all credibility choices and reasonable inferences made

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by the jury." *United States v. Gardea Carrasco*, 830 F.2d 41, 43 (5th Cir. 1987); *see United States v. Leal*, 74 F.3d 600, 606 (5th Cir. 1996). A conviction for drug conspiracy requires proof of an agreement to possess narcotics with the intent to distribute, knowledge of the agreement, and voluntary participation. *United States v. Polk*, 56 F.3d 613, 619 (5th Cir. 1995). A conspiracy may be inferred from circumstantial evidence, and in finding a conspiracy, the jury may "rely upon presence and association, along with other evidence." *Polk*, 56 F.3d at 619.

The evidence established Bryson's knowledgeable participation in the conspiracy. *See United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997) (holding that defendant may be convicted on uncorroborated testimony of coconspirator), *cert. denied*, 118 S. Ct. 868 (1998); *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). The judgment of conviction is AFFIRMED.